IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-09-691 |
| | § | |
| ENRIQUE BLANCO-RUBIO, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Enrique Blanco-Rubio's Fast Track Petition and his letter requesting status of the petition. D.E. 86-87.

Blanco Rubio was convicted pursuant to his guilty plea to possession with intent to distribute 706 kilograms of marijuana. D.E. 83. The remaining counts against him for additional drug charges and perjury were dismissed as part of his plea agreement with the government. D.E. 73. Blanco-Rubio was sentenced to 87 months imprisonment, 5 years supervised release, and a $100 special assessment in July 2010. D.E. 83. Blanco-Rubio was sentenced to a high-end guideline sentence. Consistent with his appeal waiver, he did not appeal.

Blanco-Rubio now seeks a reduction in his sentence based upon the Fast Track program. The Court notes that at the time Blanco-Rubio was sentenced, the Corpus Christi Division of the Southern District of Texas did not have a fast track program. See United States v. Torres-Orellana, 2013 WL 588942 at *3 (S.D. Tex., Feb. 13, 2010) (designated unpublished). Furthermore, it is black-letter law that "a federal court generally may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 130 S.Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582. Because Blanco-Rubio does not fit within the exceptions provided by

§ 3582(c),[1] this Court has no authority to resentence him.

For the foregoing reasons, Blanco-Rubio's Fast Track Petition (D.E. 86) is **DENIED** and his request for status of his petition (D.E. 87) is **GRANTED**.

It is so **ORDERED.**

**SIGNED** on this 9th day of October, 2013.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

[1] (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
    (1) in any case--
        (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
            (i) extraordinary and compelling reasons warrant such a reduction; or
            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
        (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
Id.